Estate of Elizabeth Singer Proctor, William Ross Proctor, Vernon H. Brown and Henry Breckinridge, Executors v. Commissioner.
Estate of Proctor v. Commissioner
Docket No. 109057.
United States Tax Court
1943 Tax Ct. Memo LEXIS 459; 1 T.C.M. (CCH) 713; T.C.M. (RIA) 43070; February 9, 1943
*459 George Brooks, Esq., for the petitioners. James C. Maddox, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent has determined a deficiency in estate tax liability of the Estate of Elizabeth Singer Proctor in the amount of $896,607.97. Several issues were raised by allegations of error in the petition filed herein, but all of these issues, except one, were settled by a written stipulation filed by the parties at the time of the hearing of this case. The one remaining issue is whether the value of the corpus of two trusts, stipulated to be in the sum of $1,942,807.65, should be included in decedent's gross estate for purposes of taxation under section 302 (c) of the Revenue Act of 1926, as amended, as a transfer to take effect in possession or enjoyment at or after death. [The Facts] Decedent, who was a resident of New York City, died on May 21, 1937. On December 18, 1923 she created the two trusts above mentioned with Henry Breckinridge, William Ross Proctor, Jr., and the American Exchange National Bank as Trustees. Both trusts provided that "the trustees shall pay over to the said Elizabeth Singer Proctor, the party of the first *460 part, for and during her life, the entire net income derived from the trust." One trust instrument provided that after the death of the settlor one-half of the trust corpus should be paid over outright to her son and the other half be held in trust during his life, the income therefrom to be paid to him. After his death the principal so held in trust was to be paid over to the then living grandchildren of the settlor share and share alike. The trust instrument also provided that if the settlor's son predeceased her then at her death the principal of the trust was to be distributed equally between her then living grandchildren, and if her son during the existence of the trust should die without issue and there should be no grandchildren of settlor living at the time of her death, then the principal of the trust should be divided in equal parts between the heirs at law or legal representatives of her son and daughter. The other trust in all material respects contained similar provisions except that decedent's daughter was the remainder beneficiary and all of the principal was to be held in trust during the daughter's life. [Opinion] Respondent on brief concedes that a trust such *461 as the trusts involved in this case was not includable in the gross estate as a transfer to take effect in possession or enjoyment at or after death, according to the holding of the Supreme Court in , and . However, respondent contends that the Supreme Court in , in effect overruled those earlier decisions. He finds support for this contention in . However, this latter case was overruled by us in the recent case of , in which the whole question was thoroughly examined. For the reasons given in our opinion in that case, we decide the issue presented in favor of petitioner. Decision will be entered under Rule 50.